JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION
FILED

NOV 29 1988

PATRICIA D. HOWARD
CLERK OF THE PANEL

DOCKET NO. 793

BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

IN RE WIREBOUND BOXES ANTITRUST LITIGATION

TRANSFER ORDER

This litigation presently consists of four actions pending in three federal districts: two actions in the Southern District of New York and one action each in the District of Minnesota and the Northern District of Illinois. Before the Panel is a motion by the Minnesota plaintiff to centralize the actions, pursuant to 28 U.S.C. §1407, in the District of Minnesota for coordinated or consolidated pretrial proceedings. No responding party opposes centralization; the sole dispute concerns selection of the transferee forum. In addition to the District of Minnesota, the potential transferee forums suggested by the parties are the Southern District of New York, the Northern District of Ohio and the Northern District of Illinois.

On the basis of the papers filed and the hearing held, the Panel finds that these actions involve common questions of fact and that centralization under 28 U.S.C. §1407 in the District of Minnesota will best serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. The complaints in all actions contain similar allegations of conspiracies by manufacturers of wirebound boxes to allocate customers among themselves and to fix prices of the boxes, in violation of federal antitrust laws. Centralization under Section 1407 is thus necessary in order to eliminate duplicative discovery, prevent inconsistent pretrial rulings, and conserve the resources of the parties, their counsel and the judiciary.

None of the four forums suggested by the parties as potential transferee districts could be characterized as the geographic focal point for this litigation. On balance, however, we are persuaded that the District of Minnesota is the appropriate transferee forum. We note that Minnesota is one of the six states purportedly affected by the antitrust conspiracy that is alleged in the Illinois and Minnesota actions and in related federal criminal proceedings.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. §1407, the actions listed on the attached Schedule A and pending in districts other than the District of Minnesota be, and the same hereby are, transferred to the District of Minnesota and, with the consent of that court, assigned to the Honorable Diana E. Murphy for coordinated or consolidated pretrial proceedings with the action listed on Schedule A and pending in that district.

FOR THE PANEL:

Andrew A. Caffrey
Chairman

SCHEDULE A

MDL-793 -- In re Wirebound Boxes Antitrust Litigation

    District of Minnesota

TCI, Inc. v. General Box Co., et al., C.A. No. 4-88-Civ-771

    Northern District of Illinois

A. Lakin & Sons, Inc. v. General Box Co., et al., C.A. No. 88-05292

    Southern District of New York

Ronald Collins, d/b/a Ron-O's Seafood v. Great American Wirebound Box., et al., C.A. No. 88-Civ-3571

William Consalo & Sons, Inc. v. Great American Wirebound Box Co., et al., C.A. No. 88-Civ-5433